UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 631,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>TRANSDEV SERVICES, INC.,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:20-CV-683 JCM (EJY)<br><br>ORDER |

　　　　Presently before the court is movant International Brotherhood of Teamsters, Local 631's ("the union") motion to confirm arbitration award. (ECF No. 9). Respondent Transdev Services, Inc. ("Transdev") filed a response (ECF No. 14), to which the union replied (ECF No. 15).

**I.　　Background**

　　　　The instant motion arises from a controversy over arbitration. The union and Transdev were parties to a collective bargaining agreement ("CBA") covering employees working for Transdev, a paratransit bus operator. (ECF No. 9). The CBA provided that employees were to be terminated only for "just cause" and set out procedures under which either could grieve disputes. (*Id.*)

　　　　Ms. Veronese Day ("Day") was a Transdev Employee and member of the union. (*Id.*) While working on May 18, 2018, Day called into Transdev's dispatch department to report fatigue consistent with Transdev's safety protocol. (*Id.*) Soon after, Transdev fired her for sleeping on the job and "misuse of time." (*Id.*) The union filed a grievance on Day's behalf, pursuant to the CBA procedures. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

The parties held their arbitration on June 6, 2019. (*Id.*) Three months later, the arbitrator issued an opinion ordering Transdev to reinstate Day with back pay. (*Id.*) Transdev has partially complied in that it reinstated Day. (*Id.*) It has not provided her with back pay. (*Id.*)

The union now moves to confirm the arbitration award pursuant to 29 U.S.C. § 185. (ECF No. 9).

## II.     Legal Standard

Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185(a), confers district courts original jurisdiction over any action arising from a breach of a labor agreement. 29 U.S.C. § 185(a). The LMRA was enacted, in part, to incentivize compliance with CBAs. *See Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 454 (1957). The LMRA promotes arbitration to resolve disputes under these agreements. *See id.*

The LMRA allows a district court to enforce an arbitration award entered pursuant to a CBA. *See Sheet Metal Workers Int'l Ass'n, Local 359 v. Madison Indus.,* 84 F.3d 1089, 1091 (9th Cir. 1990). The court may not review the merits of an arbitration award, but it may review whether the CBA governed the underlying grievance, and whether the parties agreed to arbitrate the dispute. *United Steelworkers of Am. v. American Mfg. Co.,* 363 U.S. 564, 568 (1960); *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83 (1960). If the award plausibly interprets the contract, the court must enforce it. *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). However, the court will not enforce an arbitration award that is unclear or vague. *See Hanford Atomic Metal Trades Council v. General Electric Co.*, 353 F.2d 302, 307–08 (9th Cir. 1965).

Typically, under the common law doctrine of *functus officio*, an arbitrator may not reconsider an issue that he has already decided. *See Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009). However, an arbitrator can correct a clear mistake, complete an arbitration if the award is not final, or clarify an ambiguity within a final award. *See McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 n.1 (9th Cir. 1982). Therefore, a court can remand an issue to the arbitrator for clarification even after the arbitration is complete. *See, e.g.*, *Hanford Atomic Metal*, 353 F.2d at 308.

**James C. Mahan**
**U.S. District Judge**

Federal Rule of Civil Procedure 81(a)(6)(B) provides that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq, governs matters related to arbitration. Substantively, the FAA applies to parties involved in employment arbitration—proceedings involving an employee and employer directly. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009). However, Rule 81 imports the FAA's procedures into actions brought regarding labor arbitration—arbitration between an employer and a union acting on behalf of the employee—to the extent those procedures are consistent with the LMRA. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n.9 (1987).

### III.  Discussion

The union seeks to confirm and enforce the arbitrator's award of backpay. (ECF No. 9). Transdev argues that, due to the award's ambiguity, it is unable to calculate the amount of backpay it owes because of controversy over Day's purported duty to mitigate her lost income with other employment. (ECF No. 14).

Normally, "a court must affirm an arbitral award 'as long as the arbitrator is even arguably . . . acting within the scope of his authority.'" *Van Waters & Rogers, Inc. v. Int'l Bhd. of Teamsters*, 56 F.3d 1132, 1136 (9th Cir. 1995); s*ee also Enterprise Wheel & Car*, 363 U.S. at 597. When a motion to confirm an arbitration award comes before the court, all the court must do is "determine whether the arbitrator interpreted the [CBA], not whether he did so correctly." *Hawaii Teamsters and Allied Workers Union, Local 996 v. UPS,* 241 F.3d 1177, 1178 (9th Cir. 2001).

Here, the parties do not dispute the arbitrator's authority to rule on the matter. (*See* ECF Nos. 9; 14; 15). Nor do they substantively dispute the award itself. *(See id.)* Transdev seeks clarification before it provides backpay. (*See* ECF No. 14). The award reads, in relevant part,

> Promptly after receipt of this award, [Transdev] shall rescind the discharge and shall reinstate [Day] to her position and shall award all pay and other contractual benefits she would have earned but for the improper discharge. In determining the amount of back pay to actually award [Day], [Transdev] may deduct (from the calculated amount of back pay due) the amount of earnings, if any, [Day] received from interim employment, i.e., between the date of discharge and the date of reinstatement to her position.

James C. Mahan
U.S. District Judge

- 3 -

(ECF No. 9-2 at 84). The award does not specify an exact amount of backpay, nor does it provide a clear formula for how to determine the amount. This court will not interpret an ambiguous award. *See Hanford Atomic Metal*, 353 F.2d at 307–08.

The same arbitrator who made the award is in the best position to provide the necessary clarity. *See Reg'l Local Union No. 846 v. Gulf Coast Rebar, Inc.*, 194 F. Supp. 3d 1096, 1100–01 (D. Or. 2016). Remanding the award to the arbitrator for an exact calculation of backpay is not an "unwarranted judicial intrusion into the arbitrator's interpretation of the contract." *ILWU Local 142 v. Land & Constr. Co.*, 498 F.2d 201, 206 (9th Cir. 1974). Pursuant to the union's request, the parties have sixty (60) days to resubmit the issue to the arbitrator. (*See* ECF No. 15).

The union also asserts it is entitled to attorney's fees due to Transdev's "unjustified" delays. (*See* ECF No. 15). This court has determined that the arbitrator's award was ambiguous as to the amount of backpay owed. An award of attorney's fees is appropriate only if Transdev "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) (quoting *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). Transdev's failure to abide by the arbitrator's award was justified, as the amount it needed to pay was unclear. Therefore, the court will not award the union attorney's fees.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the union's motion to confirm arbitration award (ECF No. 9) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this matter be, and the same hereby is, REMANDED to the arbitrator for clarification as to the amount Transdev owes in backpay.

IT IS FURHTER ORDERED that the parties shall resubmit this issue to the arbitrator within sixty (60) days of the issuance of this order.

DATED July 13, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -